have the order vacated. Intervention was denied.

On appeal, Commonwealth Court affirmed, holding that the lower court had not erred in denying intervention at that late stage of the proceeding. The court also rejected the officers' challenge to the court's jurisdiction based on their being indispensable parties who were not joined in the action. Citing *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968), the court noted that improperly appointed or promoted public employees, though they have standing to intervene, are not indispensable parties to litigation challenging the procedure by which they obtained their position. Finally, the court rejected the officers' claim that they could not be demoted without a hearing under the civil service provisions. The court concluded that a person can be demoted only from a position to which he is entitled, citing *Appeal of Dugan*, 359 Pa. 590, 59 A.2d 888 (1948). Since the litigation had determined that the officers were not entitled to the positions they had been promoted to, the common pleas court's order "merely reinstated [them] in the only positions to which they were entitled." 63 Pa.Commw. at 144, 437 A.2d at 806.

■ On consideration of the violation involved and the specific harm to all the appellees that flowed therefrom, in order to return the parties to the position they would have been in had no violation occurred it is sufficient that the City be directed (1) to promote to the rank of sergeant, with back pay and benefits retroactive to December 10, 1990, one candidate from among appellees Trosky, Cirocco, McMeekin, and Mihalow; and (2) to ensure that the three unsuccessful candidates have the opportunity to be placed on the eligibility list for the next promotion(s) by sitting for the required test. Any existing eligibility list shall be voided and no promotion shall be made until the others shall have had the opportunity to take the required examination.[7]

7. During the course of these appeals some or all of the appellee officers, recognizing the uncertainty of litigation and wishing to mitigate any damages, might have sought and achieved pro-

Accordingly, in No. 19 W.D. Appeal Docket 1994, the Order of the Commonwealth Court is reversed, the Order of the Court of Common Pleas of Allegheny County is vacated, and the City is directed to consider the appellees for promotion in a manner consistent with this Opinion. At No. 20 W.D. Appeal Docket 1994, the Orders of the Commonwealth Court and the Court of Common Pleas of Allegheny County are reversed.

MONTEMURO, J., is sitting by designation.

The **BRYN MAWR TRUST COMPANY, James T. Cantwell, Jr. and Charles S. Frank, Jr., Appellants,**

v.

**Gregory J. WAX and Narberth Townhomes, Inc., Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1994.

Decided Jan. 18, 1995.

Tom P. Monteverde, Lawrence R. Woehrle, Christopher Defalco, John J. Brennan, Philadelphia, for Bryn Mawr Trust Co., et al.

Louise A. Rynd, Harrisburg, for amicus—Pa. Bankers Assoc.

motion via lists certified by the Commission based on later tests. In such case, the procedure directed here will, in effect, have already been followed, and no further relief is necessary.

821

E. Parry Warner, Philadelphia, for G.J. Wax.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

MONTEMURO, J., is sitting by designation.